IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRUCE BERNARD ANDERS | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-06-CV-0963-K |
| NATHANIEL QUARTERMAN, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Bruce Bernard Anders, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed in part and denied in part.

I.

Petitioner pled guilty to sexual assault of a child and was sentenced to 20 years confinement. No appeal was taken. Instead, petitioner filed three applications for state post-conviction relief. The first and second applications were denied without written order. *Ex parte Anders*, No. 26,749-01 (Tex. Crim. App. Oct. 5, 1994); *Ex parte Anders*, No. 26,749-03 (Tex. Crim. App. Apr. 5, 2000). The third application was dismissed as successive. *Ex parte Anders*, No. 26,749-04 (Tex. Crim. App. Mar. 29, 2006). Petitioner then filed this action in federal court.

II.

In two grounds for relief, petitioner contends that: (1) he received ineffective assistance of counsel; and (2) he is actually innocent. Petitioner also complains that the state habeas court

dismissed his most recent application for post-conviction relief without a written order in violation of Tex. Code Crim. Proc. Ann. art. 11.07.

By order dated August 14, 2006, the court *sua sponte* questioned whether this case was time-barred. Petitioner addressed the limitations issue in a written reply filed on September 15, 2006. The court now determines that the habeas petition should be dismissed in part on limitations grounds and denied in part.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;
>
> (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). This period is tolled while a properly filed application for state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2).

The AEDPA became effective when it was signed into law on April 24, 1996. *See Drinkard v. Johnson*, 97 F.3d 751, 766 (5th Cir. 1996), *cert. denied*, 117 S.Ct. 1114 (1997). However, the Fifth Circuit has allowed prisoners a one-year grace period in which to file claims for federal habeas relief. *United States v. Flores*, 135 F.3d 1000, 1005 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 846 (1999). The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to 20 years in prison for sexual assault of a child. Judgment was entered on February 24, 1993 and no appeal was taken. Therefore, petitioner's conviction became final 30 days thereafter on March 26, 1993. *See* TEX. R. APP. 26.2, *formerly* TEX. R. APP. 202. Petitioner filed three state writs before seeking federal habeas relief. The first writ was filed on December 16, 1993 and denied on October 5, 1994. The second writ was filed on November 2, 1998 and denied on April 5, 2000. The third writ was filed on May 16, 2005 and dismissed on March 29, 2006. Petitioner filed the instant action on May 26, 2006.

The statute of limitations started to run on April 24, 1996, the date the AEDPA became effective. *See Flores*, 135 F.3d at 1005. The limitations period was tolled from November 2, 1998 to April 5, 2000 and from May 16, 2005 to March 29, 2006, a total of 806 days, while properly filed applications for post-conviction relief were pending in state court. Even allowing for this statutory tolling period, petitioner still waited more than *seven years* to file his federal writ. In an attempt to excuse this delay, petitioner relies on *Alexander v. Cockrell*, 294 F.3d 626 (5th Cir. 2002), wherein the Fifth Circuit found "rare and exceptional circumstances" warranting equitable tolling of the limitations period. A careful reading of *Alexander* reveals that the facts of that case are readily

Case 3:06-cv-00963-K   Document 9   Filed 09/20/06   Page 4 of 6   PageID 72

distinguishable from the case at bar. Alexander was charged with a parole violation after his ex-wife accused him of stalking and making terroristic threats. His parole was subsequently revoked based on the stalking charge. One year later, the Texas stalking statute was declared unconstitutional. Alexander then sought habeas relief in federal court. Although Alexander did not challenge his parole revocation on the basis of an unconstitutional statute, the district court raised the issue *sua sponte* and granted habeas relief. On direct appeal, the Fifth Circuit reversed and dismissed the federal writ without prejudice because Alexander never challenged the Texas stalking statute in state court. Despite the fact that the time had already expired for filing a subsequent federal writ, the court wrote:

> [I]n the event that Alexander is unsuccessful in obtaining relief in Texas courts, the instant federal court dismissal of his claims without prejudice will not bar him from renewing his claim for federal habeas relief . . .

*Alexander v. Johnson*, 163 F.3d 906, 909 (5th Cir. 1998). This language understandably led Alexander to believe that he could refile his federal writ after exhausting his state remedies. When he did so, the district court applied the doctrine of equitable tolling to allow the case to proceed. In addition, the court determined that "the previous district judge unwittingly hindered Alexander's opportunity to pursue his federal petition by raising *sua sponte* the statutory constitutionality claim that rendered Alexander's timely federal habeas petition a mixed petition and required its dismissal for failure to exhaust state court remedies." *Alexander*, 294 F.3d at 630. On those unique facts, the Fifth Circuit found no abuse of discretion in tolling the AEDPA statute of limitations on equitable grounds. *Id.*; s*ee also United States v. Patterson*, 211 F.3d 927, 931 (5th Cir. 2000).

Unlike *Alexander*, petitioner does not allege, much less prove, that he was misled by the court in any respect. Rather, petitioner claims that he unknowingly pled guilty to a charge that was not a crime when the offense was allegedly committed. It is well established that a claim of actual

innocence does not constitute a "rare and exceptional" circumstance sufficient to toll the statute of limitations. *See, e.g. Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.), *cert. denied*, 121 S.Ct. 622 (2000); *Garcia v. Dretke*, No. 3-05-CV-2334-B, 2006 WL 249951 at *3 (N.D. Tex. Jan. 11, 2006) (Kaplan, J.) (citing cases).

Petitioner also claims that he only recently discovered that Lela Denise Washington, his court-appointed lawyer, is not licensed by the State Bar of Texas. Assuming that Washington was not a licensed attorney when she represented petitioner at trial in 1993, the operative date for limitations purposes is "the date on which the factual predicate of the claim or claims presented *could have been discovered through the exercise of due diligence*." 28 U.S.C. § 2244(d)(1)(D) (emphasis added). Petitioner fails to explain why he waited until 2006--more than *13 years* after his trial--to inquire of the State Bar as to the membership status of his former attorney. The court therefore concludes that all claims relating to petitioner's trial and his resulting conviction are time-barred and should be dismissed.

C.

In his remaining ground for relief, petitioner contends that the state habeas court improperly dismissed his most recent application for post-conviction relief without written order.[1] This claim, which did not accrue until the state writ was dismissed on March 29, 2006, is not barred by limitations. However, the Fifth Circuit has repeatedly held that defects in a state habeas proceeding are not cognizable under 28 U.S.C. § 2254. *See Rudd v. Johnson*, 256 F.3d 317, 319-20 (5th Cir.), *cert. denied*, 122 S.Ct. 477 (2001) (citing cases). "That is because an attack on the state habeas proceeding is an attack on a proceeding collateral to the detention and not the detention itself." *Id.*

---

[1] It is apparent from the pleadings that petitioner failed to present this claim to the Texas Court of Criminal Appeals in an application for state post-conviction relief. However, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

at 320, *citing Nichols v. Scott*, 69 F.3d 1255, 1275 (5th Cir. 1995), *cert. denied*, 116 S.Ct. 2559 (1996). Consequently, this ground for relief should be overruled.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus should be dismissed in part and denied in part. All claims relating to petitioner's trial and his resulting conviction are time-barred and should be dismissed on limitations grounds. Petitioner's claim that the state habeas court failed to properly consider his writ should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 20, 2006.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE